# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No.  02-00160-01-CR-W-FJG |
| SIRRON R. PRIMERS, ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are (1) Defendant Primers' Motion to Stay Execution of Order Pending Motion to Reconsider (Doc. No. 118); and (2) Defendant Primers' Motion to Reconsider Sentence at Supervised Release Revocation (Doc. No. 119).

The Court will consider defendant's motion to reconsider (Doc. No. 119) first. Defendant initially suggests in Doc. No. 119 that he must be returned to this Court for another hearing as he was denied his opportunity to be given notice of his conditions of supervised release as required by 18 U.S.C. § 3583(f).  The Court disagrees with this contention.  Instead, defendant's conditions of supervised release are the same as those he was given when the Court sentenced him in 2003.  Compare Doc. No. 70 with Doc. No. 117.  A defendant's right to be present is only implicated when district courts impose special conditions of supervised release in the written entry of judgment without pronouncing those special conditions orally at sentencing.  See, e.g., U.S. v. Emerson, 231 Fed. Appx. 349, 355 (5th Cir. 2007); see also U.S. v. Sepulveda-Contreras, 466 F.3d 166, 169-70 (1st Cir. 2006) (imposition of non-mandatory, non-standard conditions of supervised release for the first time in the written judgment violated defendant's right to be present at

sentencing; however, defendants are deemed to be on constructive notice for mandatory and standard conditions of supervised release announced for the first time in a written judgment, and therefore have no right-to-be-present claim with respect to such conditions). In the present matter, no new special conditions were imposed, and defendant was given adequate notice of his conditions of supervised release in his original sentencing hearing. Thus, no further hearing is necessary.

Furthermore, the Court finds that there is no argument that defendant could present at rehearing that would change the Court's conclusions about the sentence and period of supervised release previously ordered by this Court (see Doc. No. 117). Accordingly, Defendant Primers' Motion to Reconsider Sentence at Supervised Release Revocation (Doc. No. 119) is **DENIED.** As the Motion to Reconsider has now been ruled, Defendant Primers' Motion to Stay Execution of Order Pending Motion to Reconsider (Doc. No. 118) is **DENIED AS MOOT.**

IT IS SO ORDERED.


Date: 5/7/09　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　Chief United States District Judge